UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:10-00258 |
| | ) | JUDGE CAMPBELL |
| MIGUEL PADILLA | ) | |

MEMORANDUM AND ORDER

Pending before the Court is the Defendant's Motion To Dismiss The Superseding Indictment And Supporting Memorandum Of Law (Docket No. 340), to which the Government has filed Responses (Docket Nos. 368, 370). For the reasons set forth herein, the Motion is DENIED.

Rule 12(b) of the Federal Rules of Criminal Procedure provides that any defense which is capable of determination without the trial of the general issue may be raised by motion before trial. In considering a motion made under Rule 12(b), district courts "may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." United States v. Craft, 105 F.3d 1123, 1126 (6th Cir. 1997). See also United States v. Jones, 542 F.2d 661, 664-65 (6th Cir. 1976).

The Defendant summarizes the facts as follows:

1. Representation in this matter began on October 19, 2010 (D.E. 29). Defendant is indigent. Trial is scheduled on September 11, 2012 (D.E. 256). Defendant is released pretrial, with conditions, and is in full compliance with the provisions allowing his pretrial release, including supervision and special conditions.

2. Miguel Padilla is 39 years of age, has no prior felony criminal record, and no history of substance abuse or violence. He is a first offender. Mr.

Padilla lives with his family and works in Arizona. He has three children, a long-term marriage, and extended family obligations involving parents.

3. Defendant was initially charged by complaint on August 2, 2010 and was indicted on October 20, 2012 with eight co-defendants (D.E. 1, 63). The Indictment contained one count alleging a drug conspiracy involving the possession and distribution of 5 kilograms or more of cocaine in violation of Title 21 U.S.C. §§ 841(a)(1) and 846.

4. Since this prosecution began, the parties have communicated with each other in an effort to avoid trial. From day one, Mr. Padilla has maintained that he was not involved in the drug conspiracy alleged in the indictment.

5. On June 1 the Government informed defense counsel by letter that if Mr. Padilla has no interest in a resolution short of trial, then a superseding indictment would be filed adding violation of 18 U.S.C. § 924(c) which adds a potential five year consecutive sentence to the mandatory minimum ten years facing defendant if convicted. Defendant was given a deadline of June 15, 2012 to plead guilty or face additional charges.

6. On or about Friday, June 22, 2012 Government agents entered Mr. Padilla's residence in Arizona when he was not home. They searched his home, including his bedroom, without a warrant. It is significant that the Government since August 18, 2011 has provided no new or additional discovery, until August 7, 2012. Nothing was found pursuant to the unannounced warrantless search.

7. On or about July 5, 2012 the Government subpoenaed defendant's son (Ernesto Padilla), brother-in-law (Trent Pfannenstiel), and sister-in-law (Lorena Pfannensteil) before the federal Grand Jury in Nashville, Tennessee. All three witnesses were questioned about defendant and his activities. No questions were asked about guns.

8. On July 25, 2012 the Government superseded the indictment alleging, for the first time since this prosecution began in October 2010, that Mr. Padilla knowingly used and carried six guns during, and in relationship to, the alleged conspiracy to distribute five (5) kilograms or more of cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846.

9. The Government has informed counsel that they intend may (sic) request detention of Mr. Padilla on the superseding indictment, pending trial.

10. During the last two days counsel and the AUSA have been discussing and exchanging information regarding fingerprint evidence. The core issue

> being discussed is whether or not the weapons found at the Alsup Road location bear the fingerprints of Miguel Padilla and/or any other alleged co-conspirator. The government apparently possessed fingerprint evidence since July 2011, but did not produce that evidence until yesterday. At this point, the evidence seems to indicate that Mr. Padilla's fingerprints do not match any prints found on the weapons. Late today at the close of business, counsel received an email from U.S. Probation indicating Mr. Padilla should appear Monday for fingerprinting by the U.S. Marshall. The message indicates that the decision to fingerprint Mr. Padilla on Monday was made by the U.S. Marshall. Miguel Padilla was fingerprinted and searched for DNA when he was arrested on this charge in October 2010. There is no reason to explain the indirect order to report for fingerprinting other than that the government is continuing to investigate the gun charge filed at the end of last month.

(Docket No. 340, at 1-3).

In its Responses, the Government disputes a number of the "facts" set forth above. The Court finds it unnecessary to resolve those "facts" in order to rule on the pending Motion.

The Defendant argues that the Superseding Indictment should be dismissed based on two grounds: (1) the addition of the charges in Count Two on July 25, 2012 was arbitrary and vindictive, intended to punish the Defendant for exercising his right to stand trial; and (2) the Government has improperly used the Grand Jury to investigate.

As to the first ground, a defendant can show vindictive prosecution in two ways. A defendant can show "actual vindictiveness, by producing 'objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights,' or the Court can find a presumption of vindictiveness by applying the 'realistic likelihood of vindictiveness' standard. United States v. Poole, 407 F.3d 767, 774 (6th Cir. 2005)(quoting United States v. Dupree, 323 F.3d 480, 489 (6th Cir.2003)). See also United States v. Roach, 502 F.3d 425, 443 (6th Cir. 2007). A defendant can establish a "realistic likelihood of vindictiveness" by showing: (1) the exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3)

unreasonableness of the prosecutor's conduct; and (4) the intent to punish the defendant for exercise of the protected right. United States v. Suarez, 263 F.3d 468, 479 (6th Cir. 2001). A showing of the first three elements helps establish the fourth. Id. Once all four elements are established, the burden falls on the Government to rebut the presumption of vindictiveness. Id.

The Sixth Circuit has held that although prosecutorial vindictiveness can be found in pretrial additions of charges following assertions of protected rights by the defendant, "if the charges are brought simply as the result of failure of the plea bargaining process, they are not vindictive." Id. (Citing United States v. Andrews, 633 F.d 449, 454-56 (6th Cir. 1980) and Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)).

In this case, the Defendant has not suggested a basis for a finding of actual vindictiveness. Thus, he must establish the elements set forth above to show a "realistic likelihood of vindictiveness." Although the Defendant has established the first element – that his decision to stand trial is the exercise of a protected right – he has not shown that the Government's addition of the charge in Count Two is the result of anything other than the failure of plea bargaining. In its Response, the Government indicates that it repeatedly advised the Defendant that it would pursue the firearm charge if the parties did not settle the case prior to trial.

The new firearm charge "was approved by a grand jury and therefore 'presumed to have rested on probable cause.'" United States v. Roach, 502 F.3d 425, 445 (6th Cir. 2007). As in Roach, the Defendant here does not allege that the Grand Jury was manipulated or otherwise

4

prejudiced against him.[1] Accordingly, Defendant's motion to dismiss Count Two based on prosecutorial vindictiveness is denied.

Defendant also argues that the Government's subpoena of three members of his family to testify before the Grand Jury on July 5, 2012 was investigatory, and therefore, improper, because the questions asked of these witnesses did not relate to the new firearm charge. In its Response, the Government indicates that it called the witnesses to testify before a separate Grand Jury (not the Grand Jury that issued the Superseding Indictment against the Defendant) regarding a pending investigation of other defendants and crimes, including drug conspiracy, perjury and obstruction of justice, and has filed *ex parte* and under seal a description of that investigation. The Government also indicates that it has provided the Defendant with a copy of the transcript of the testimony of these witnesses before the Grand Jury.

The Sixth Circuit has held that a court may not interfere with a grand jury's investigation as long as "'it is not the sole or dominant purpose of the grand jury to discover facts relating to [a defendant's] pending indictment.'" United States v. Breitkreutz, 977 F.2d 214, 217 (6th Cir. 1992)(quoting United States v. George, 444 F.2d 310, 314 (6th Cir. 1971)). A defendant has the burden of demonstrating that abuse of the grand jury has occurred because "a 'presumption of regularity attaches to a grand jury's proceedings. . .'" Id. (Quoting United States v. Woods, 544 F.2d 242, 250 (6th Cir. 1976)).

The Defendant has failed to demonstrate abuse of the Grand Jury in this case as he has not shown that the testimony of the witnesses related solely to the pending charges against him,

---

[1] The Defendant's Motion does allege that the Grand Jury did not hear sufficient evidence to support the charge in Count Two but provides no factual basis to support this allegation.

rather than a separate investigation of perjury and obstruction of justice. Accordingly, the Defendant's motion to dismiss Count Two based on abuse of the Grand Jury is denied.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE